**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| MISAEL CORDERO, | : | Civil No. 03-0789 (KSH) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| ROY L. HENDRICKS, et al., | : | |
| | : | |
| Respondents. | : | |

---

**APPEARANCES:**

> MISAEL CORDERO, #551325B
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625
> Petitioner pro se

> GARY A. THOMAS, Special Deputy Attorney General
> ACTING ESSEX COUNTY PROSECUTOR
> Essex County Courts Building
> Newark, New Jersey  07102
> Attorneys for Respondents

**HAYDEN**, District Judge

Misael Cordero filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a), accompanied by a Brief, challenging a judgment of conviction in the Superior Court of New Jersey, Essex County.  Respondents filed an Answer and Petitioner filed a Traverse.  For the reasons expressed below, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered on June 24, 1994, in the Superior Court of New Jersey, Law Division, Essex County, after a jury convicted him of second degree conspiracy, third degree possession of a controlled dangerous substance, and first degree possession with intent to distribute.  The Law Division sentenced Petitioner to a 40-year term of incarceration, with 20 years of parole ineligibility.  Petitioner appealed and in a published opinion filed August 27, 1996, the Appellate Division of the Superior Court of New Jersey affirmed.  State v. Cordero, 293 N.J. Super. 438 (App. Div. 1996).  On January 7, 1997, the Supreme Court of New Jersey denied certification.  State v. Cordero, 147 N.J. 577 (1997) (table).

On January 15, 1998, Petitioner filed a petition for post conviction relief in the Law Division.  (Traverse at p. 36.)  After conducting an evidentiary hearing, the Law Division denied relief on September 7, 1999.  Petitioner appealed in an opinion filed November 19, 2001, the Appellate Division affirmed the order denying post conviction relief.  Petitioner filed a notice of petition for certification.  By order filed February 21, 2002, the Supreme Court of New Jersey dismissed the notice of petition for certification for lack of prosecution.[1]

Petitioner executed the Petition which is now before the Court on February 14, 2003.  The Clerk received it on February 21, 2003.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

---

[1] The Supreme Court of New Jersey denied Petitioner's motion to file a petition for certification nunc pro tunc by order filed July 16, 2002.

The Petition presents five grounds:

> Ground One:  DENIAL OF THE MOTION TO SUPPRESS VIOLATED THE PETITIONER'S RIGHTS TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES CONTRARY TO THE FOURTH AMENDMENT.
>
> Ground Two:  PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL CONTRARY TO THE SIXTH AMENDMENT.
>
> Ground Three:  FAILURE TO ORDER THE STATE TO PRODUCE POLICE PERSONNEL FILES VIOLATED THE SIXTH AND FOURTEENTH AMENDMENTS.
>
> Ground Four:  PROSECUTORIAL MISCONDUCT OCCURRED CONTRARY TO THE SIXTH AND FOURTEENTH AMENDMENTS.
>
> Ground Five:  THE STATE COURTS VIOLATED PETITIONER'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW BY FAILING TO CONSIDER A SUPPLEMENTAL APPENDIX AND TAKE JUDICIAL NOTICE OF APPARENT FACTS REFLECTED THEREIN; AND BY USE OF 2 DIFFERENT REASONINGS TO JUSTIFY FAILING TO PROVIDE AN INSTRUCTION REGARDING EXPERT TESTIMONY.

(Pet. ¶¶ 12.A. - 12.E.)

The State filed an Answer, arguing that the Petition is untimely and that the grounds raised do not warrant habeas relief.  Petitioner filed a Traverse.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is also subject to equitable tolling.  Miller, 145 F.3d at 618.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

5

In this case, the applicable limitations provision is § 2244(d)(1)(A).  The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed January 7, 1997.  The statute of limitations therefore began to run on April 7, 1997, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court.  See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A).  The limitations period ran for 283 days, and then was statutorily tolled on January 15, 1998, when Petitioner filed his post conviction relief petition.  (Traverse at p. 36.)  The statute of limitations picked up again on February 22, 2002, the day after the Supreme Court of New Jersey dismissed Petitioner's notice of petition for certification for failure to prosecute.  The statute of limitations ran for the final 82 days until it expired on May 14, 2002.  Because Petitioner did not sign his § 2254 Petition until February 14, 2003, nine months after the statute of limitations expired, the Petition is untimely, unless Petitioner is entitled to additional tolling.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Petitioner argues that the limitations period was statutorily tolled until July 16, 2002, when the Supreme Court of New Jersey denied his motion to file a petition for certification nunc pro tunc.  This argument is without merit.  See Douglas v. Horn, 359 F.3d 257, 263 (3d Cir. 2004) (" we conclude that Douglas's one-year grace period should not be tolled during the pendency of his nunc pro tunc petition from September 10, 1999, when he submitted it to the prison officials, through June 12, 2000, when the Pennsylvania Supreme Court denied his motion for reconsideration of its denial of his petition for allowance of his appeal nunc pro tunc");

6

Adeline v. Stinson, 206 F.3d 249, 253 (2d Cir.2000) ("But we cannot infer from the broad,
general character of the rules that a motion made under them seeking to revive a long-since
denied application for permission to appeal . . . qualifies as a recognized application for state
post-conviction relief . . . Were the law otherwise, then so long as the state court were willing to
keep its clerk's office door open to a petitioner, he or she could bring successive motions seeking
to reinstate a denied petition for leave to appeal indefinitely and thus stave off the running of the
AEDPA-proscribed time to file a federal petition for habeas corpus virtually in perpetuity")).  In
any event, even if the limitations period were statutorily tolled in this case until July 16, 2002,
the Petition would still be untimely because the limitations period would have expired on
October 7, 2002, almost four months before Petitioner signed his § 2254 Petition on February 14,
2003.

Petitioner further argues that the limitations period should be equitably tolled because he
was remanded several times to a county jail and held in lockup, without access to his legal
materials.  As factual support, he claims that he did not have access to his legal materials for 32
days as follows:

> Examination of prison transfer and classification records reveals
> that during 2002, petitioner was remanded from:  July 30 through
> August 1 (3 days); September 19 through 25 (7 days); and
> November 6 through 27 (22 days).

(Traverse at 42.)

As legal support, Petitioner relies on Miller v. N.J. State Dep't of Corrections, 145 F.3d 616 (3d
Cir. 1998), for the proposition that deprivation of access to legal papers is an extraordinary
circumstance warranting equitable tolling.  In that case, Miller argued that the limitations period

should be equitably tolled because "he was delayed in filing his petition because he was in transit between various institutions and did not have access to his legal documents." Miller, 145 F.3d at 617.  But Miller was the first case in which the Third Circuit held that AEDPA's statute of limitations may be equitably tolled in appropriate circumstances, and the decision remands to the district court to consider the issue in the first instance, rather than ruling in Miller's favor. "Miller neither holds nor states that an evidentiary hearing must be held in every case where the petitioner alleges deprivation of access to legal papers."  Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002).

Moreover, federal courts have generally held that deprivation of access legal papers is not sufficient to warrant equitable tolling.  Id. at 142-43; Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001) (per curiam).  For example, in Robinson, the petitioner argued that equitable tolling was warranted because he was transferred to a different unit just under five weeks before the expiration of the statute of limitations and all of his personal belongings, including his legal papers, were taken from him and never returned. Robinson, 313 F.3d at 142.  Although Robinson's deprivation of legal materials occurred at the very end of the limitations period, the Third Circuit held that, because Robinson had the majority of the limitations period to work on his petition, he had not exercised due diligence or shown that equitable tolling was warranted.  Id. at 142-43; see also McKeithan v. Varner 108 Fed.Appx. 55, 59 (3d Cir. 2004) (petitioner's "generalized allegations of restricted access to legal resources . . . , without more, do not advance his case for equitable tolling because such arguments do not explain his lack of diligence during periods when he was not in restrictive housing").

In this case, the statute of limitations ran for 283 days before Petitioner filed his state petition for post conviction relief on January 15, 1998.  When the Supreme Court of New Jersey dismissed his notice of petition for certification on February 21, 2002, Petitioner had 82 days remaining, running from February 22, 2002 through May 14, 2002.  According to his submissions, Petitioner had no access to legal papers from July 30, 2002, through August 1, 2002; from September 19, 2002, through September 25, 2002; and from November 6, 2002, through November 27, 2002. (Traverse at p. 42.)  As is evident, these time periods fall outside the relevant 82 days.  Moreover, even had the limitations period not expired on May 14, 2002, equitable tolling would not be warranted because Petitioner did not exercise due diligence between November 28, 2002, and February 14, 2003, the date he executed his § 2254 Petition.

Petitioner also argues that equitable tolling is warranted because he unsuccessfully attempted to obtain a prison account statement necessary to file the § 2254 Petition on several occasions and these attempts delayed his filing.  (Traverse at pp. 36-43.)  However, Petitioner's inability to obtain a prison account statement is not an extraordinary circumstance warranting equitable tolling because prisoners are not required to file prison account statements when seeking to file § 2254 petitions in forma pauperis.  See Santana v. United States, 98 F.3d 752, 756 (3d Cir. 1996).

Petitioner has not shown that he exercised adequate diligence in attempting to file a timely § 2254 petition.  Because the statute of limitations expired on May 14, 2002, and because Petitioner is not entitled to equitable tolling, his § 2254 Petition, which was not executed until February 14, 2003, is barred by the statute of limitations.

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice as untimely and denies a certificate of appealability.

/s/ Katharine S. Hayden

_____
KATHARINE S. HAYDEN, U.S.D.J.

DATED: January 24, 2006

10